## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ronald G. McComas<br>　　　　　　　　　Debtor | CHAPTER 13 |
| US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR PENNSYLVANIA HOUSING FINANCE AGENCY<br>　　　　　　　　　Movant<br>vs.<br>Ronald G. McComas<br>　　　　　　　　　Debtor | NO. 14-16171 ELF<br><br>11 U.S.C. Sections 362 and 1301 |
| Robyn McComas　　　Co-Debtor | |
| William C. Miller Esq.<br>　　　　　　　　　Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.　The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$2,045.73,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | October 2018 at $985.00/month |
| Late Charges: | September 2018 at $29.73/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$2,045.73** |

2.　The Debtors shall cure said arrearages in the following manner;

a). Beginning on November 1, 2018 and continuing through July 1, 2019, until the arrearages are cured, Debtors shall pay the present regular monthly payment of **$985.00** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$227.31 from November 2018 to June 2019 and $227.35 for July 2019** towards the arrearages on or before the last day of each month at the address below;

**PHFA Loan Servicing Division**
211 North Front Street
Harrisburg, Pennsylvania 17101

b).　Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 11, 2018

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date: 10-18-18

Diana M. Dixon, Esquire
Attorney for Debtors

Date: 10/24/18

LeRoy Etheridge
William C. Miller, Esquire
Chapter 13 Trustee    NO OBJECTION
*without prejudice to any
trustee rights or remedies.

# O R D E R

Approved by the Court this 29th day of ___October___, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank